[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14787
Non-Argument Calendar

_____

D. C. Docket No. 07-10020-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DIMEYS SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 18, 2008)**

Before CARNES, HULL and PRYOR, Circuit Judges

PER CURIAM:

Dimeys Sanchez appeals her sentence of 1 year plus 1 day imprisonment

followed by 2 years supervised release for conspiracy to smuggle aliens into the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). She contends that the district court incorrectly calculated her advisory sentencing guidelines range when it increased her offense level under U.S.S.G. § 2L1.1(b)(6) after finding that her offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person.

## I.

On February 19, 2006, the United States Coast Guard learned that a white 30-foot Scorpion "go-fast" vessel with a black top had departed from Cuba. Coast Guard officers intercepted the boat as it was traveling north toward the Florida Keys. The vessel's operator initially refused to stop, but the officers succeeded in boarding the boat. They discovered twenty-two Cuban migrants on board, an occupancy level that "grossly overweighed" the vessel. As a result of the incident, twelve defendants were charged with various alien smuggling conspiracies and offenses. Dimeys Sanchez was among those defendants.

Sanchez pleaded guilty to conspiracy under 8 U.S.C. § 1324(a)(1)(A)(v)(I) for encouraging aliens to come to the United States unlawfully and for attempting to bring aliens to a place in the United States other than a designated port of entry. See 8 U.S.C. § 1324(a)(1)(A)(i), (iv). The district court imposed a sentence of 1

2

year plus 1 day imprisonment followed by 2 years supervised release.

Sanchez appeals her sentence, contending that the district court improperly calculated her sentencing guidelines range when it applied an enhancement to her base offense level under U.S.S.G. § 2L1.1(b)(6). That section provides for an enhancement where the "offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." U.S.S.G. § 2L1.1(b)(6). Sanchez asserts that the erroneous application of that section led to a sentencing guidelines range of 12–18 months imprisonment. Without that increase, the range would have been 8–14 months imprisonment. She argues the district court erred because: (1) her co-conspirators' actions caused the substantial risk of death or bodily harm and she should not be held responsible for those actions because they were not reasonably foreseeable; and (2) even if her co-conspirators' actions were reasonably foreeseable, that alone would not justify the enhancement.

## I.

Whether a co-conspirator's actions were reasonably foreseeable is a question of fact that we review only for clear error. United States v. Cover, 199 F.3d 1270, 1274 (11th Cir. 2000). A factual finding is clearly erroneous if, after reviewing all of the evidence, we are "left with a definite and firm conviction that a mistake has

been committed." See United States v. Rodriguez-Lopez, 363 F.3d 1134, 1136–37 (11th Cir. 2004) (citation omitted). Whether the district court misapplied U.S.S.G. § 2L1.1(b)(6) is a legal question that we review de novo. See United States v. McVay, 447 F.3d 1348, 1353 (11th Cir. 2006) ("[W]hether the district court misapplied the Guidelines remains . . . subject to de novo review [after United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005)"]). Notwithstanding a district court's error, "we are not required to vacate the sentence and remand the case if the court would have likely sentenced [the defendant] in the same way without the error." United States v. Scott, 441 F.3d 1322, 1329 (11th Cir. 2006) (citing United States v. Williams, 503 U.S. 193, 203, 112 S. Ct. 1112, 1120-21 (1992)). Remand is unnecessary if the party defending the sentence shows that the district court would have imposed the same sentence regardless of the error. See Williams, 503 U.S. at 203, 112 S. Ct. at 1120–21.

## II.

Sanchez first argues that the district court erred in imposing the U.S.S.G. § 2L1.1(b)(6) enhancement because she was a minor participant in the conspiracy and she could not have reasonably foreseen the actions of her co-defendants that created the "substantial risk of death or serious bodily injury." Sanchez asserts that she was only a "strawman" used for the purchase of the vessel. She points out that

4

she did not lead the operation, organize the trip, load the boat, or ride along on the voyage.[1] Thus, she concludes, she was not sufficiently involved in the operation to have reasonably foreseen that her co-conspirators would intentionally or recklessly create a substantial risk of death or serious bodily injury.

Sanchez also argues that even if the acts of her co-defendants did recklessly create a reasonably foreseeable, substantial risk of death or serious bodily injury, the U.S.S.G. § 2L1.1(b)(6) enhancement cannot be based on reasonable foreseeability alone. Instead, she asserts that there must be evidence that she aided or abetted, counseled, commanded, induced or wilfully caused the other person's reckless activity. Both arguments fail.

The statutory maximum sentence for conspiring to smuggle aliens is ten years imprisonment. See 8 U.S.C. § 1324(a)(1)(B)(i). Section 2L1.1 of the sentencing guidelines provides for the calculation of the offense level for defendants who smuggle, transport, or harbor unlawful aliens. Under that section, "if the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person" the offense level is increased by 2

---

[1] She also asserts in her brief that she "had no knowledge nor say in who or how many aliens were involved." However, during the change of plea hearing before the district court, Sanchez conceded that all of the government's evidence, including evidence that she agreed to be involved in a conspiracy to smuggle twenty-two Cuban aliens into the United States, was undisputed.

5

levels, but if the resulting offense level is less than 18, the offense level is increased to level 18. U.S.S.G. § 2L1.1(b)(6). The commentary to that section provides that "reckless conduct" covers a "wide variety of conduct" including "carrying substantially more passengers than the rated capacity of a motor vehicle or vessel." U.S.S.G. § 2L1.1 cmt n.5. "Offense" is defined in the sentencing guidelines as "the offense of conviction and all relevant conduct under 1B1.3 . . . unless a different meaning is specified or is otherwise clear from the context." U.S.S.G. § 1B1.1 cmt. n.1(H). Because no "different meaning is specified or . . . otherwise clear from the context" § 1B1.3(a)(1)(B) provides the definition of relevant conduct under U.S.S.G. § 2L1.1(b)(6). See U.S.S.G. § 1B1.1 cmt. n.1(H). "Relevant conduct" under § 1B1.3(a)(1)(B) includes "all reasonably foreseeable acts and omissions of others in furtherance of . . . jointly undertaken criminal activity."[2] U.S.S.G. § 1B1.3(a)(1)(B).

As to Sanchez's first argument, the district court did not clearly err in finding that the actions of her co-conspirators that created the substantial risk of death or serious bodily injury were reasonably foreseeable.[3] Sanchez agreed to be

---

[2] Sanchez does not argue that her co-conspirators' actions were not in furtherance of jointly undertaken criminal activity.

[3] Although the district court did not make an explicit factual finding about reasonable foreseeability, that finding was implicit in the district court's application of U.S.S.G. § 2L1.1(b)(6). The district court stated that "[T]he defendant need not have personally engaged in the . . . behavior to receive this enhancement. However, it can be attributable to her as relevant

involved in a conspiracy to smuggle twenty-two Cuban aliens into the United States. The 30-foot vessel was purchased in Sanchez's name. She attended a meeting about the smuggling operation where she provided the vessel's operator with a cover story to use if approached by Coast Guard officers. At that meeting, there was a list of the Cuban aliens to be picked up and a handheld Global Positioning System with the coordinate route entered.

The district court, therefore, did not clearly err in finding that it was reasonably foreseeable that the 30-foot vessel purchased under Sanchez's name would transport twenty-two Cuban migrants to the United States, and that the overcrowding on the vessel would recklessly create a substantial risk of death or serious bodily injury to those on board. The fact that Sanchez's participation in the operation was not more extensive does not mean that the actions of her co-conspirators were not reasonably foreseeable.

As to Sanchez's second argument, the district court did not misapply U.S.S.G. § 2L1.1(b)(6). It was not required to find that Sanchez aided or abetted, counseled, commanded, induced or wilfully caused the specific activity or actions that made her co-conspirator's conduct reckless. The only Eleventh Circuit

conduct if done by others in jointly undertaken criminal activity." Here, relevant conduct as applied to jointly undertaken criminal activity requires that a co-defendant's actions be reasonably foreseeable. See U.S.S.G. § § 2L1.1(b)(6), 1B1.3.

authority Sanchez offers in arguing that for this requirement is <u>United States v.</u> <u>Cook</u>, 181 F.3d 1232 (11th Cir. 1999), which involved  a U.S.S.G § 3C1.2 enhancement for reckless endangerment during flight.  Application note 5 to § 3C1.2 specifies that a "defendant is accountable for his own conduct and for conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused."  In <u>Cook</u>, we held that the inclusion of that note altered the definition of "relevant conduct" for that section.  <u>Cook,</u> 181 F.3d at 1235.  In other words, "all reasonably foreseeable acts and omissions of others in furtherance of . . . jointly undertaken criminal activity" have been defined out of relevant conduct under § 3C1.2 and its application notes.  <u>Id.</u>  For that reason <u>Cook</u> is inapplicable and does not support the argument that the district court misapplied U.S.S.G. § 2L1.1.

Even if we assume that the district court did err in applying U.S.S.G. § 2L1.1, remand is unnecessary because the district court likely would have imposed the same sentence anyway.  <u>See</u> <u>Scott</u>, 441 F.3d at 1329.  The sentence Sanchez received would still be within the guideline range (8 to 14 months) that would have resulted without applying § 2L1.1(b)(6).  There is also the fact that the district court initially was going to give Sanchez a sentence of 3 years imprisonment but then decided to lower it to 1 year and a day because of her co-defendant's lesser

8

sentence. That makes it unlikely that the court would have been inclined to sentence her any lower than the sentence she did receive. Thus, we are persuaded that the district court would have imposed the same sentence even without the § 2L1.1(b)(6) enhancement.

We conclude that the district court did not err in applying U.S.S.G. § 2L1.1, and even if it did, remanding the case is unnecessary because we are persuaded that the district court would have imposed the same sentence regardless of that enhancement.

**AFFIRMED.**